```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JUAN MORALES et al.,                                                   :
                                                                       :
                                Plaintiffs,                            :
                                                                       :       22 Civ. 5754 (JPC)
         -v-                                                           :
                                                                       :              ORDER
NORTHERN SHORE INTERNATIONAL, INC. et al.,                             :
                                                                       :
                                Defendants.                            :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On July 7, 2022, Plaintiffs initiated this action by filing a complaint against Defendants alleging failure to comply with federal and state wage laws. Dkt. 1. Plaintiffs served Defendant Northern Shore International, Inc. on July 21, 2022, Dkt. 7, but never served Defendants Dwayne Griffith or Ge'velle Marie (the "Individual Defendants"). On October 13, 2022, the Court ordered Plaintiffs to show good cause for their failure to serve the Individual Defendants within ninety days of filing their Complaint, *i.e.*, October 5, 2022, as required by Federal Rule of Civil Procedure 4(m). Dkt. 8. On October 18, 2022, Plaintiffs filed a letter asking the Court to extend the service deadline to November 18, 2022—forty-four days after their deadline to serve under Rule 4(m). Dkt. 9 ("Letter") at 3.

Rule 4(m) requires that: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the Court must "extend the time for service for an appropriate period." *Id*. "The plaintiff bears the burden of proof in showing that [he] had good cause in not timely serving the defendant." *Deptula v. Rosen*,

558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (internal quotation marks omitted).  "To establish good cause 'a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control.'"  *Id.* (quoting *Spinale v. United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x 599 (2d Cir. 2009)).

Plaintiffs' October 18, 2022 letter fails to establish good cause for purposes of Rule 4(m).  The letter contains no explanation of the exceptional circumstance that prevented them from effecting timely service on Individual Defendants, or even any details regarding their prior attempts to serve Individual Defendants.  Rather, the letter just generally states that "Plaintiff['s] process servers have attempted to serve the Individual Defendants at the[ir] business address . . . without success," and that Plaintiffs' law firm "is in the process of locating the Individual Defendants' personal residence."  Letter at 3.  But missing from the letter are any details as to what measures Plaintiff in fact undertook to "demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond [their] control."  *Deptula*, 558 F. Supp. 3d at 85 (quoting *Spinale*, 2005 WL 659150, at *3).

Therefore, by October 31, 2022, Plaintiffs shall make a submission explaining what measures they took to serve the Individual Defendants by October 5, 2022.  Failure to do so will

2

result in dismissal of Plaintiffs' claims against the Individual Defendants without prejudice for failure to prosecute.[1]

    SO ORDERED.

Dated: October 24, 2022
       New York, New York

                                          JOHN P. CRONAN
                                          United States District Judge

---

[1] In addition to asking the Court to extend the deadline to serve the Individual Defendants, they ask for leave to do so by social media. The Court notes, without resolving, that it is unclear that such service would be permissible under New York law. *See Kersten v. Broad. Music, Inc.*, No. 20 Civ. 8909 (LJL), 2021 WL 1740806, at *2-3 (S.D.N.Y. Mar. 3, 2021). Nor have Plaintiffs provided any authorities authorizing such service, aside from a general citation to New York C.P.L.R. § 308(5). *See* Letter at 3.