UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JUAN MORALES and RYAN CHRISTIAN,                                        :
                                                                        :
                      Plaintiffs,                              :
                                                                        :         22 Civ. 5754 (JPC)
       -v-                                                              :
                                                                        :               ORDER
NORTHERN SHORE INTERNATIONAL, INC. *et al.*,                            :
                                                                        :
                      Defendants.                              :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On April 3, 2023, after Plaintiffs failed to submit a finalized settlement agreement for the Court's approval, the Court reinstated the briefing schedule for Plaintiffs' motion for default judgment. Dkt. 37. The Court directed the Plaintiffs to serve Defendants via overnight courier with a copy of that Order and to file proof of service on the docket by April 10, 2023, warning that failure to do so "may result in an Order dismissing this case for failure to prosecute." *Id.* at 2. When Plaintiffs failed to file proof of service, the Court adjourned *sua sponte* the briefing schedule for the motion for default judgment. Dkt. 38. The Court directed Plaintiffs to serve Defendants with a copy of that order, warning "[i]f Plaintiffs once again fail to comply, the Court will dismiss this case for failure to prosecute." *Id.* at 2. Yet Plaintiffs once again failed to comply. The Court also notes that Plaintiffs exhibited similar behavior after initiating this case, when they failed to timely serve Defendants Griffith and Marie. Dkt. 8.

       When, as here, a plaintiff has failed to prosecute a case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas*

*v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiffs' case without prejudice. First, Plaintiffs have ignored several of the Court's orders. *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal"). Second, the Court warned Plaintiffs multiple times that failure to comply would result in their case being dismissed without prejudice. *See* Dkts. 8, 15, 37-38. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here i[s] inexcusable: Plaintiff[s] ha[ve] not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiffs' right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted). And lastly, fifth, the Court has further

considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiffs an additional chance to comply with the Court's orders as a less drastic sanction than dismissal, even after multiple failures to comply with prior orders. However, "[P]laintiff[s] appear[] to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: April 17, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge